IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| **AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT** | ) ) ) Case No.  4:20-MJ-031 ) ) ) ) ) **[FILED UNDER SEAL]** |

I, Danny L. White, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a "Federally Deputized Task Force Officer" (TFO) within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a TFO with the Federal Bureau of Investigation (FBI) since March 2019. I am currently a Detective with the Des Moines Police Department' Intelligence Bureau and have been so since February 2019. Prior to my assignment with the Intelligence Bureau, I held officer positions within the following sections of the Des Moines Police Department: (1) patrol officer for approximately 9 years; (2) the Metropolitan Special Tactics and Response Entry Team for approximately 6 years; (3) Crimes Against Persons for approximately 6 years. In March 2019, I also became a Task Force Officer with the FBI's Central Iowa Gang Task Force.

2. During my law enforcement career, I have participated in numerous investigations involving the unlawful distribution of narcotics in violation of federal

and state laws, which led to arrests, convictions of violators, and seizures of narcotics and proceeds gained from illegal activity. During the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, and reviews of recorded conversations involving drug organizations. Based on my training and experience, I am familiar with methods used for firearms trafficking, narcotics trafficking, and other firearms-related crimes.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that William Leanthony Marcell CARR has committed a violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) (unlawful user of a controlled substance in possession of a firearm).

## PROBABLE CAUSE

5. On December 7, 2019, at 2:34 a.m., a Clive, Iowa, Police Officer attempted a traffic stop of a Dodge Charger on Interstate 235 near 63rd Street in Windsor Heights, Iowa. The Charger failed to stop and the officer pursued. The Charger took the 42nd Street exit from eastbound I-235, and the officer observed the car had crashed on the ramp, prior to reaching 42nd Street.

6. The officer observed one occupant, the driver – later identified as William Leanthony Marcell CARR – run south and leave the area by climbing over a fence. The officer observed the front seat passenger – later identified as Meamen NYAH – exit the car and run toward 42nd Street. The officer followed NYAH in his patrol vehicle, into a residential driveway.

7. At the end of the driveway, the officer got out of his patrol car and began to chase NYAH on foot. The officer repeatedly instructed NYAH to stop and to show the officer his hands. After NYAH repeatedly failed to comply with the officer's commands, the officer deployed his Taser, striking NYAH in the backside. NYAH went to the ground briefly, and the officer observed NYAH had a gun and started to stand back up. The officer repeatedly instructed NYAH to drop the gun, and NYAH did not do so. The officer fired at NYAH, incapacitating him.

8. The officer called for backup, which arrived within a few minutes. Iowa State Patrol Trooper Albright arrived with other backup, and saw NYAH on the ground. As Trooper Albright approached, he observed a Glock firearm on the ground near NYAH. He recovered the loaded firearm, identified as a Glock, Model 30S, .45 caliber pistol, bearing serial number BBGK668. Trooper Albright removed the magazine, cycled the slide, and ejected the round from the chamber. The firearm was determined to be stolen.

9. After NYAH was taken into custody, efforts were made to locate CARR, the driver of the Dodge Charger who had fled. CARR was located shortly after 3:00 a.m., on a residential property in the 600 block of Harwood Drive, Des Moines. After

a short foot chase, CARR was taken into custody. As he was being taken into custody, CARR told an officer that he smoked marijuana before getting into the car (believed to be referring to the Dodge Charger) that night.

10. On December 9, 2019, law enforcement located a firearm, identified as a Rock Island Armory, model 1911-A1CS, .45 caliber ACP pistol (serial number RIA1560126), in the backyard of a residence in 600 block of Harwood Drive (where CARR had been located on December 7). The firearm was found hidden behind the wheel of a boat trailer, between the wheel and the frame of the trailer in the backyard. Based on the location of the gun, which was well-hidden in the backyard of a residence on CARR's flight path, I believe CARR disposed of this gun during his flight from police on December 7. When CARR was taken into custody, he possessed marijuana in his pocket.

11. On December 11, 2019, United States Magistrate Judge Celeste F. Bremer signed a search warrant authorizing the collection of CARR's urine and hair for testing for controlled substances. On December 12, 2019, the warrant was executed on CARR at the Polk County, Iowa, Jail. On January 16, 2020, toxicology results from the urine testing were received from the laboratory. Those results revealed that CARR's urine was positive for marijuana metabolites.

12. A review of the Rock Island Armory, model 1911-A1CS, .45 caliber ACP pistol (serial number RIA1560126) by an nexus expert with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, revealed the firearm was manufactured outside the state of Iowa and therefore traveled in interstate commerce.

## CONCLUSION

13. Based upon the foregoing facts, there is probable cause to believe that William Leanthony Marcell CARR has committed a violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) (unlawful user of a controlled substance in possession of firearm).

I further state and declare that all of the statements and information contained herein are true and correct to the best of my knowledge, information and belief.

_____
Danny L. White, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this 3rd day of February, 2020.

_____
The Honorable Celeste F. Bremer
United States Magistrate Judge